214 N.J. Super. 320 (1986)
519 A.2d 364
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MYRA HAMMOCK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 7, 1986.
Decided October 28, 1986.
Motion for Reconsideration Granted November 19, 1986.
Decided December 1, 1986.
*321 Before Judges ANTELL and BRODY.
Alfred A. Slocum, Public Defender, attorney for defendant (Daniel Martin, Designated Counsel, of counsel and on the letter brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Jessica S. Oppenheim, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
Following a jury trial, defendant was convicted, as an accomplice, of two robberies with the use of a deadly weapon. N.J.S.A. 2C:15-1. The judge imposed the minimum Graves Act sentences for these first-degree crimes: concurrent prison terms of ten years including three years and four months of parole ineligibility. Defendant's single argument on appeal is that the judge erred in failing to charge second-degree robbery. We agree.
Defendant did not dispute evidence that she had driven three men to the vicinity of a liquor store where they committed the armed robberies, and then drove them away. The men entered the store wearing ski masks; two were brandishing handguns. Although defendant presented no evidence after the State rested, the State had presented evidence that could have left the jury with reasonable doubts as to whether defendant shared the men's purpose to use deadly weapons during the robberies or even knew or had reason to know before the robberies that the men were going to use firearms.
*322 The case was tried and the sentences imposed before the Supreme Court decided State v. White, 98 N.J. 122 (1984). There the Court noted the circumstances in which the Code definition of accomplice accountability applies to a defendant charged with robbery while armed with a deadly weapon:
An accomplice may be guilty of armed robbery even though he did not personally possess or use the firearm in the course of the commission of the robbery. The accomplice has committed the same crime as the individual who possessed or used the gun if the accomplice had the purpose to promote or facilitate that crime, namely, robbery with the use of a firearm. See N.J.S.A. 2C:15-1b; N.J.S.A. 2C:2-6b; ....
....
... [I]t is critical to heed the precise crime of which the accomplice was adjudged guilty.... It is possible for an accomplice to be guilty of robbery and for his compatriot to be guilty of armed robbery.... [State v. White, 98 N.J. at 130-131]
Thus when considering the guilt of a defendant charged as an accomplice to an armed robbery a jury must distinguish between whether the defendant shared his partner's purpose to commit the robbery with a deadly weapon or shared only his purpose to commit the robbery. If the jury determines that the defendant shared his partner's purpose to commit the robbery but not his purpose to use a deadly weapon, then the jury may find the defendant guilty of a second-degree robbery, but not a first-degree armed robbery.
The instructions here did not advise the jury that in order to find defendant guilty of first-degree armed robbery, it would have to find that she not only shared the men's purpose to rob, but also their purpose to use deadly weapons in the robberies. The following are the only references in the charge to the jury's task in this regard:
Now, a section of our statute provides that robbery is a crime of the second degree, except it is a crime of the first degree if the robber is armed with or uses or threatens the immediate use of a deadly weapon while in the course of committing the robbery.... If you find, beyond a reasonable doubt, that the defendant committed the crime of robbery, and was armed with a deadly weapon, or used or threatened the immediate use of a deadly weapon at the time of the commission of the robbery, then you will find the defendant guilty of robbery in the first degree.
*323 The judge then twice defined at length the elements of a theft, once for each victim, and then defined the elements of accomplice accountability in the following general terms:
Now the State contends that the defendant, Myra Hammock, acted in concert, that is that she acted jointly, with [three others] in the commission of the robberies charged ... I instruct you the defendant cannot be held liable for the conduct of another person unless you find as a fact, beyond a reasonable doubt, that the defendant acted with the same purpose that would be required to be proven against the other person who actually committed the criminal act or acts charged.
This language does not make clear that defendant would be guilty of only second-degree robbery, even if she shared the men's purpose to rob, unless she also shared their purpose to use deadly weapons.
Defendant did not raise this point at trial. We are satisfied, however, that the inadequacy of the charge constituted plain error. R. 2:10-2. Plain error in a charge has been defined as a legal impropriety "prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970). The omission deprived defendant of the opportunity to have the jury make important distinctions that could have absolved her of the first-degree crime and possibly avoided the mandate of the Graves Act period of parole ineligibility. See State v. Stewart, 96 N.J. 596 (1984).
The record strongly suggests that the judge would have imposed a lighter sentence had the jury verdict enabled him to do so. The only aggravating factors he found are those that flow from the nature of the crime itself. As to mitigating factors, he found "a large number of them are present, and that is usually not the case." He found that defendant "was only 18 years of age at the time, and I doubt that she realized the full implications of what she was doing." He found that she was "probably under the influence of these other three men" whom he described as "older and more mature than she *324 was." He noted that defendant has "never been in trouble before, has never been in trouble since, whether as a juvenile or as an adult." He found that her conduct "was a result of circumstances unlikely to recur." He added that "the character and attitude of the Defendant indicate that she is unlikely to commit another offense." He further found that defendant "has two jobs, works very hard to support herself and her child" and that "imprisonment would impose excessive hardship to herself and her dependent."
The judge concluded, "Defendant is particularly likely to respond affirmatively to a probationary period, but I can't impose a probationary period." The trial judge's failure to charge second-degree robbery possessed a clear capacity to bring about an unjust result and therefore must be considered plain error.
Reversed and remanded for a new trial.